UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK ROSTON,

                                Petitioner,                  Case No. 2:18-cv-12953
                                                            Hon. Arthur J. Tarnow

v.

PATRICK WARREN,

                                Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Kirk Roston ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Oakland Circuit Court of possession with intent to deliver less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), possession of less than 25 grams of heroin, MICH. COMP. LAWS § 333.7403(2)(a)(v), felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, felon in possession of ammunition, MICH. COMP. LAWS § 750.224f(6), and possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). Petitioner was sentenced to a string of prison terms, the longest of which is 75 months to 40 years for the cocaine conviction.

The petition raises two claims: (1) the trial court erroneously failed to order production of a confidential informant to enable Petitioner to challenge the legality of the search of his residence, and (2) insufficient evidence was presented at trial to sustain Petitioner's firearm conviction. For the reasons stated below, the Court will deny the petition. The Court will also deny Petitioner a certificate of appealability, but it will grant leave to appeal in forma pauperis.

## I. Background

At trial, Detective Daniel Main testified that he conducted the investigation of Petitioner and requested the search warrant for Petitioner's residence in Pontiac. The search was conducted on the morning of December 18, 2014. The door to the residence was forced open with a battering ram. Main went to the bedroom where he found two adults and a child. Petitioner was standing at the end of the bed. His girlfriend and the child were on the bed. The adults were handcuffed and taken to the living room. A second child was located in another bedroom.

A handgun was found in the master bedroom closet under women's clothing. Ammunition for the firearm and a holster with a gunlock and keys were found and seized from a kitchen cabinet. Also found in the kitchen were plastic baggies, some with the corners cut off, and a Pyrex cup. A desk was located in a detached garage upon which were found baggies, razor blades, a digital scale, marijuana, crack cocaine, and about one-hundred lottery tickets. According to Main, lottery tickets

are sometimes used to package drugs. In one of the vehicles located in the garage police found a small amount of heroin. The vehicle was titled in Petitioner's name.

In Main's opinion, the fact that some of the baggies had missing corners, when taken together with the razor blades, suggested that the cocaine was possessed with intent to deliver it. The small amount of heroin discovered made it difficult to determine whether it was intended for personal use or delivery.

Main interviewed Petitioner at the house after reading him his *Miranda* rights. Petitioner told the officer that "everything you found is mine." ECF No. 9-8, at 138. Petitioner said he sold "small amounts, little twenties." Id. at 139. Petitioner told him that the gun was registered to his wife, but he knew where it was.

Main photographed texts from a cell phone found with Petitioner's belongings. According to Main, the texts suggested Petitioner was involved in dealing drugs, e.g, "pump up a 50 instead of a 40," and "real good stuff in." Id. at 149-55.

Police officer Robert Ludd testified that he assisted with the search. He found the loaded .380 Ruger handgun in the bedroom closet under a pile of women's clothing. The gun was not tested for fingerprints.

Chemist Lindsay Booth testified that she received and tested three bags of evidence seized from the residence. The first bag contained .45 grams of heroin and

fentanyl. The second bag of white powder contained 3.16 grams of cocaine. The third bag contained .51 grams of marijuana.

Petitioner was found guilty of the cocaine charges, guilty of the lesser offense of possession of heroin, guilty of felon in possession of a firearm, and not guilty of all the felony-firearm counts.

Following his conviction and sentence, Petitioner filed a claim of appeal. The brief on appeal filed by his appellate attorney raised two claims:

> I. Defendant was denied his right to due process by the trial court's refusal to order production of the confidential informant and by the court's denial of the motion for a Franks hearing; the search is not supported by probable cause.

> II. The evidence of felon in possession of a firearm and felon in possession of ammunition is insufficient.

Petitioner also filed a pro se supplemental brief, raising the following additional claims:

> I. Under federal law your defendant was denied his Sixth and Fourteenth Amendment rights to (1) confront the CI and (2) discovery as to the CI's identity and a remand is requested to make a record.

> II. Under federal law defendant's Fourth and Fourteenth Amendment procedural and substantive due process rights were violated (1) when the lower court issued a general search warrant (2) when it did not have a name, bar number or seal of the court nor clerk's file mark, and the warrant must be suppressed in its entirety and a remand is requested to make a record with the trial court to appeal to this court.

> III. Under federal law the trial court denied your defendant his right to present a defense which violates procedural and substantive due process and a remand is requested to make a record in the trial court to

determine if defendant's Sixth Amendment right to a jury trial was violated.

IV. Under federal law trial counsel was ineffective for not challenging Issues 1-3 and a *Ginther*/evidentiary hearing is needed to make a record and a remand is requested to make a record.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Roston*, 2016 WL 7233685 (Mich. Ct. App. Dec. 13, 2016). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court that raised the same claims. The Michigan Supreme Court denied the application for leave to appeal be form order. *People v. Roston*, 896 N.W.2d 436 (Mich. 2017) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. Habeas relief should be denied as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

## III. Analysis

A. Confidential Informant

Petitioner first claims that his rights to due process, confrontation, and to the disclosure of evidence were violated when the trial court refused to order the production of the confidential informant used to obtain the search warrant of his residence. The confidential informant claimed to have made two narcotic purchases at the residence in question, but he did not identify the seller. Petitioner asserts that, because the officer conducting the surveillance stated that he never saw any adults other than Petitioner and his girlfriend enter the residence, the statement by the informant was unreliable and his testimony would have benefited the defense.

Where the disclosure of a confidential informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [to keep the informant's identity secret] must give way." *Roviaro v. United States*, 353 U.S. 53, 60 (1957). The burden is on an individual who seeks disclosure of the identity of a confidential informant to show the need for such a disclosure. See *Emmons v. McLaughlin*, 874 F. 2d 351, 357 (6th Cir. 1989). "Mere speculation as to the usefulness of the informant's testimony is insufficient to justify disclosure of his identity." *Id.*, at 358; See also *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) ("mere conjecture or supposition" will not support the disclosure of the informant's identity). "*Roviaro* does not require disclosure of an

informant's identity where . . . there is no indication that the informant participated in or witnessed the offense charged." *Simpson v. Kreiger*, 565 F.2d 390, 391-92 (6th Cir. 1977).

In the present case, other than Petitioner's speculation that the informant or the officer must have lied because the officer stated he only saw Petitioner enter the residence, Petitioner fails to show that the confidential informant's identity was important to either the prosecution's trial strategy or his defense. See *United States v. Smotherman*, 564 F. App'x. 209, 213 (6th Cir. 2014). The two statements in the affidavit supporting the search warrant were not contradictory, as Petitioner claims. The officer did not state he had round-the-clock surveillance of the residence prior to the date the informant said he made the drug purchases there. The officer only stated that while he was conducting surveillance, he did not see any adults other than Petitioner and the woman enter and leave. The informant's alleged purchases might have occurred at a time when there was no surveillance. Nor was the informant's testimony relevant to a defense to the charges. The only role the informant played was supplying information to the police that led to the search. Because there is no showing that the informant was involved with the possession of the drugs or weapon or witnessed the raid itself, Petitioner was not entitled to his production. See *United States v. Beals*, 698 F.3d 248, 270 (6th Cir. 2012).

Petitioner's related Confrontation Clause claim is also without merit. Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. See *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004). However, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*., at 59, n. 9; See also *Tennessee v. Street*, 471 U.S. 409, 414 (1985). Indeed, "[I]n some circumstances, out of court statements offered for the limited purpose of explaining why a government investigation was undertaken have been determined not to be hearsay." *United States v. Gibbs*, 506 F. 3d 479, 486-87 (6th Cir. 2007) (quoting *United States v. Martin*, 897 F. 2d 1368, 1371 (6th Cir. 1990)).

Here, the informant's statements themselves were not offered against Petitioner at trial. Any implicit suggestion (and the Court can find none) that the search resulted from information obtained by an informant would not have violated Petitioner's confrontation rights, because it would not have been offered to prove the truth of the matter asserted, but only to help the jury to understand the reason for the surveillance and search of the residence.

Petitioner is not entitled to habeas relief based on the trial court's failure to order production of the confidential informant.

Petitioner relatedly asserts that the trial court erred in holding a hearing on his motion to suppress the evidence seized during the search, at which he claims he was entitled to question the informant. Habeas review of this claim is barred, however, if the state provides a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000).

In order for such an opportunity to have existed, the state must provide, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the Fourth Amendment claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The only relevant question is whether a habeas petitioner had an opportunity to litigate his or her claims, not whether he actually did so or even whether the Fourth Amendment claim was correctly decided. See *Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); rev'd on other grds 606 F.3d 867 (6th Cir. 2010). Under *Stone*, the correctness of a state court's conclusions involving a Fourth Amendment claim "is simply irrelevant." See *Brown v. Berghuis*, 638 F. Supp. 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id*. (quoting *Gilmore v. Marks*, 799 F. 2d 51, 57 (3rd Cir. 1986)).

In *Good v. Berghuis*, 729 F. 3d 636, 638-40 (6th Cir. 2013), the Sixth Circuit held that "[t]he 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his [or her] claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id*. at 639. Here, Petitioner was able to present his Fourth Amendment claims to the trial court in his motion to suppress. Petitioner was later able to present the claim to the Michigan appellate courts. The Michigan Court of Appeals considered the claim and found it to be without merit. This is sufficient under *Good* to preclude review of the claim on habeas review, even if the trial court did not hold an evidentiary hearing on the issue.

B. Sufficiency of the Evidence

Petitioner asserts that insufficient evidence was presented to sustain his felon in possession of a firearm conviction. The critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphasis in

original). "Circumstantial evidence may support a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006) (internal citations omitted).

Under AEDPA, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because *Jackson* claims are "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). First, "it is the responsibility of the [fact finder] to decide what conclusions should be drawn from evidence admitted at trial." *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). "And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable." *Id.* (internal quotation marks omitted) (quoting *Cavazos*, 565 U.S. at 2).

Petitioner was convicted of being a felon in possession of a firearm. The essential elements are :(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v. Bass*, 317 Mich. App. 241 (2016). In Michigan,

> the term "possession" includes both actual and constructive possession. As with the federal rule, a person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location

of the weapon is known and it is reasonably accessible to the defendant. Physical possession is not necessary as long as the defendant has constructive possession.

*People v. Hill*, 433 Mich. 464, 469 (1989) (internal citations omitted).

Petitioner stipulated that he had a prior felony conviction and was not eligible to possess a firearm. The evidence presented at trial indicated that the firearm was registered to Petitioner's girlfriend and found under her clothes. But Petitioner admitted that he knew of the weapon's existence, and the circumstantial evidence allowed for a determination beyond a reasonable doubt that it was accessible to him as it was located in a closet in his bedroom. It was therefore not unreasonable for the Michigan Court of Appeals to find that a rational trier of fact could have inferred from this evidence that Petitioner had constructive possession of the firearm. Petitioner has failed to demonstrate entitlement to habeas relief with respect to this claim.

## IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the

court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claims because they are devoid of merit. Therefore, a certificate of appealability will be denied.

Petitioner is granted permission to appeal in forma pauperis because any appeal would not be frivolous. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

_s/Arthur J. Tarnow_____
Hon. Arthur J. Tarnow
United States District Judge

Dated: January 29, 2020_____